## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re:<br>TOXIC EXPOSURE CASES (diesel<br>fume exhaust and other alleged toxins)<br>against UNION PACIFIC RAILROAD<br>COMPANY<br>　　　　　Plaintiff,<br><br>　vs.<br><br><br>UNION PACIFIC RAILROAD<br>COMPANY<br>　　　　　Defendant. | **8:18CV385**<br>**8:18CV391**<br>**8:18CV415**<br>**8:18CV421**<br>**8:18CV484**<br>**8:18CV503**<br>**8:18CV540**<br><br>**ORDER** |

As to the discovery disputes between Plaintiffs and Union Pacific, the parties jointly stipulate as follows:

1.　The seven above-captioned cases are members of a larger group of cases the Court has joined to a consolidated case management schedule.

2.　On April 18, 2019, Union Pacific's counsel sent a letter to the Court that discussed ongoing problems with Union Pacific's attempts to obtain timely discovery responses from opposing counsel ("Plaintiffs' Counsel") in the seven above-captioned cases. The letter set forth alleged defects with Plaintiffs' Counsel's discovery responses in each of the seven cases. (Id.).

3.　On April 23, 2019, Plaintiffs' Counsel sent a letter to the Court detailing its position regarding discovery. The correspondence

asserted that Plaintiffs' Counsel sent discovery responses in each of the seven cases regarding a portion of his outstanding discovery obligations.

4. On April 23, Union Pacific's counsel sent a letter advising the Court of Plaintiffs' Counsel's supplementation of discovery in each case. The letter asserted that, for each case, Plaintiffs' Counsel's supplementary discovery responses still failed to correlate the production with a specific request to which the production was responsive.

5. On April 25, the Court entered an Order in each of the seven above-captioned cases. (Doc. # 15). The Order noted Plaintiffs' Counsel's failure to timely respond to discovery requests and failure to attend to the Court's prior warnings and instructions. (Id.). The Order then granted leave for Union Pacific to file a motion to compel and request for sanctions in each of the seven above-captioned cases. (Id.).[1]

6. Paragraphs 7 through 13 below describe the status of discovery in each of the above-captioned cases.

---

[1] The parties' proposed order indicates "The Order additionally applied to an eighth case, Arnold Epps v. Union Pacific; 8:18CV498." However, the order granting leave for Union Pacific to file motions to compel and requests for sanctions did not apply to Epps as the case was dismissed on April 25, 2019. (8:18V498, Filing No. 15).

7.  Union Pacific received initial discovery responses in the above matter. On February 25, 2019, Union Pacific subsequently received email communication informally providing discovery materials supplementing Plaintiff's discovery responses. However, the email did not explain to which case the response was directed. On March 12, 2019, Union Pacific followed up with Plaintiffs' Counsel requesting formal supplemental responses. On March 26, 2019, Union Pacific again received email communication with informal supplemental materials. On March 28, Union Pacific followed up with Plaintiffs' Counsel again requesting formal individual supplemental discovery responses. Though Plaintiffs' Counsel has provided supplementary documentation specific to this case, Plaintiffs' counsel still failed to specify the request to which the production was responsive.

*Garza v. Union Pacific Railroad Company, 8:18cv391*

9.  [2] Union Pacific received initial discovery responses in the above matter. On February 25, 2019, Union Pacific subsequently received email communication informally providing discovery materials supplementing Plaintiff's discovery responses. However, the email did not explain to which case the response was directed. On March 12, 2019, Union Pacific followed up with Plaintiffs' Counsel requesting formal supplemental responses. On March 26, 2019, Union Pacific again received email communication with informal supplemental

---

[2] The parties' proposed order contained no paragraph 8, the numbers appear as provided.

materials. On March 28, 2019, Union Pacific followed up with Plaintiffs' Counsel again requesting formal individual supplemental discovery responses. Though Plaintiffs' Counsel has provided supplementary documentation specific to this case, Plaintiffs' counsel still failed to specify the request to which the production was responsive.

*Groff v. Union Pacific Railroad Company, 8:18cv415*

10. Union Pacific received initial discovery responses in the above matter. On February 25, 2019, Union Pacific subsequently received email communication informally providing discovery materials supplementing Plaintiff's discovery responses. However, the email did not explain to which case the response was directed. On March 12, 2019, Union Pacific followed up with Plaintiffs' Counsel requesting formal supplemental responses. On March 26, 2019, Union Pacific again received email communication with informal supplemental materials. On March 28, 2019, Union Pacific followed up with Plaintiffs' Counsel again requesting formal individual supplemental discovery responses. Though Plaintiffs' Counsel has provided supplementary documentation specific to this case, Plaintiffs' counsel still failed to specify the request to which the production was responsive.

*Pope v. Union Pacific Railroad Company, 8:18cv421*

11. Union Pacific received initial discovery responses in the above matter. On February 25, 2019, Union Pacific subsequently received email communication informally providing discovery materials supplementing Plaintiff's discovery responses. However, the email

did not explain to which case the response was directed. On March 12, 2019, Union Pacific followed up with Plaintiffs' Counsel requesting formal supplemental responses. On March 26, 2019, Union Pacific again received email communication with informal supplemental materials. On March 28, 2019, Union Pacific followed up with Plaintiffs' Counsel again requesting formal individual supplemental discovery responses. Though Plaintiffs' Counsel has provided supplementary documentation specific to this case, Plaintiffs' counsel still failed to specify the request to which the production was responsive.

*Pierce v. Union Pacific Railroad Company, 8:18cv484*

12. Union Pacific served Interrogatories and Requests for Production of Documents on the Plaintiff on February 8, 2019. Plaintiff has failed to answer the discovery. On March 18, 2019, Union Pacific followed up with Plaintiffs' Counsel requesting the responses. However, Union Pacific has received no formal discovery responses.

*Poland v. Union Pacific Railroad Company, 8:18cv503*

13. Union Pacific served Interrogatories and Requests for Production of Documents on the Plaintiff on February 15, 2019. Plaintiff has failed to answer the discovery. On March 18, 2019, Union Pacific followed up with Plaintiffs' Counsel requesting the responses. Union Pacific received Answers to Interrogatories on March 29, 2019, but nothing in response to its Request for Production of Documents.

14.   Union Pacific served Interrogatories and Requests for Production of Documents on the Plaintiff on February 8, 2019. Plaintiff has failed to answer the discovery. On March 18, 2019, Union Pacific followed up with Plaintiffs' Counsel requesting the responses. However, Union Pacific has received no formal discovery responses.

15.   Union Pacific asserts that sanctions are likely warranted. However, Union Pacific represents it is presently forgoing such relief. The Court notes Union Pacific has not waived its right to seek sanctions in the future.

16.   The Plaintiff in each of the above matters consents to the Court entering this Order compelling them to respond to the aforementioned discovery as requested by Union Pacific.

Accordingly,

IT IS ORDERED:

1)   Plaintiffs in cases 8:18CV385, 8:18CV391, 8:18CV415 and 8:18CV421 shall provide full, complete formal discovery responses as requested by Defendant.

2)   Plaintiffs in cases 8:18CV484, 8:18CV503 and 8:18CV540 shall respond to all overdue discovery requests as requested by Union Pacific.

3)   All discovery responses shall be provided to Union Pacific within 14 days of this Order.

4)     Union Pacific's decision to forgo a request for sanctions at this time shall not be construed as a waiver of its right to seek sanctions in the future if Plaintiffs or their counsel continue to fail to properly respond to discovery in a timely fashion.

Dated this 7th day of May, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge