IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL GARZA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>　　　　　　Defendant. | 8:18CV391<br><br>**MEMORANDUM AND ORDER** |

　　　Paul Garza is suing his former employer, Union Pacific Railroad Company (UPRR), under the Federal Employers Liability Act (FELA) 45 U.S.C. § 51 *et seq.*, alleging his workplace exposure to hazardous materials caused or contributed to the development of colorectal cancer. (Filing No. 1 at CM/ECF p. 2). Garza had a mass of "malignant appearance" removed during a colonoscopy on August 6, 2015 and was informed of his diagnosis on August 13, 2015. Both dates are more than 3 years before he filed his lawsuit. (Filing No. 29-2 at CM/ECF pp. 32, 34). The issue presented by UPRR's motion for summary judgment (Filing No. 23) is whether Garza's claim as to his colon cancer is time barred by FELA's 3-year statute of limitations. See 45 U.S.C. § 56.

BACKGROUND

　　　Garza worked for UPRR and its predecessor Southern Pacific Railroad from 1976 to 1997 as a clerk/freight agent/control tower operator. (Filing No. 1 at CM/ECF p. 2). He alleges that during his employment, he was exposed to diesel fuel/exhaust, benzene, silica, asbestos dust, and building insulation and herbicides. (Id. at 2) As will be explained further below, the question presented is

when Garza knew, or should have known that his workplace exposure to hazardous materials could be a cause of his colon cancer.

During his employment for UPRR, Garza observed engines left idling in the yard, "so the fumes would be blowing towards the tower" where he worked. (Filing No. 29-2 at CM/ECF p. 41). He noticed whitish, gray, or black exhaust or fumes that smelled unpleasant, and could be nauseating if the exposure time was lengthy. (Filing No. 29-2 at CM/ECF pp. 41, 47).  Garza smelled it on a regular basis and he and other co-workers complained about it verbally to supervisors. (Filing No. 29-2 at CM/ECF p. 49).

He complained verbally to the trainmaster about exposure to the exhaust and fumes during inspections because inhaling the fumes gave him headaches and allergies, made him nauseous, and made him feel less alert, all of which made it difficult to perform his job duties. (Filing No. 29-2 at CM/ECF p. 26). He complained to his union representative and others about diesel fumes and exhaust. (Filing No. 29-2 at CM/ECF p. 54). His complaints dated back to 1977 and he complained "off and on" until he left his job. (Filing No. 29-2 at CM/ECF pp. 26-27). During his deposition, Garza stated that it was his recollection that he had overheard a conversation between a trainmaster and a roadmaster or road foreman about "one of the road foreman engines having the big C, referring to cancer, and then saying something, oh, probably was a job hazard or something like that." (Filing No. 29-2 at CM/ECF p. 29).

Garza visited Dr. Sreelatha Reddy for a colonoscopy on August 6, 2015. Dr. Reddy's report indicates she had removed a "villous and fungating 4 cm mass with stigmata of recent bleeding of malignant appearance" during the procedure. (Filing No. 27-1 at CM/ECF p. 1) After the colonoscopy, Dr. Reddy informed Garza that it appeared there was a malignant tumor, but she would not know for certain until the biopsy results came back. (Filing No. 29-2 at CM/ECF p. 32). The tumor was

biopsied on August 7, 2015 and Garza was diagnosed with "invasive adenocarcinoma, moderately differentiated, arising in background of tubular adenoma." (Filing No. 27-2 at CM/ECF p. 1).

Garza's medical records indicate that he had a follow-up gastroenterology consultation on August 13, 2015 with Dr. Reddy. (Filing No. 27-3 at CM/ECF p. 9). Dr. Reddy signed a copy of the Surgical Pathology Report on August 13, 2015. (Filing No. 27-3 at CM/ECF p. 11). Garza's diagnosis is reported on a record from the gastroenterology consultation appointment on August 13, 2015 and Dr. Reddy marked the box indicating that education materials were provided to the patient. (Filing No. 27-3 at CM/ECF p. 9). Garza testified during his deposition that he was not certain of the exact date of his follow-up appointment but stated that August 13, 2015 sounded like the correct date. Garza was certain that the diagnosis was shared with him before an appointment with his physician, Dr. Michael Crouch, on August 19, 2015. (Filing No. 27-3 at CM/ECF p. 1). The record for the office visit on August 19 indicates that Garza was "recently diagnosed for colorectal cancer."

In 2018, Garza saw a television advertisement for the Bern Cappelli law firm regarding lawsuits against UPRR for occupational exposures. Garza maintains, however, that until he saw the advertisement, he did not know that the hazardous materials he was exposed to at UPRR could cause colon cancer. (Filing No. 29-2 at CM/ECF pp. 38-39) After his diagnosis, Garza asked medical professionals about possible causes of his cancer. (Filing No. 29-2 at CM/ECF p. 33) He was told it could be "numerous things" including work environment, social life, and heredity. (Filing No. 29-2 at CM/ECF p. 33).

Garza filed suit on August 16, 2018, alleging that his workplace exposure "whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of colorectal cancer." (Filing No. 1 at CM/ECF p. 2). UPRR now moves for summary judgment, asserting that Garza's FELA claim

is time-barred as a matter of law. Garza asserts the statute of limitations issue presents a question of material fact which must be decided by a jury.

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. Id.

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Id. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. Id. But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. Id. In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. Quinn v. St. Louis Cty., 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. Barber v. C1 Truck Driver Training, LLC, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Torgerson, 643 F.3d at 1042.

DISCUSSION

The only issue presented is whether Garza's claim for relief is barred by 45 U.S.C § 56, which provides that "No action shall be maintained under [FELA] unless commenced within three years from the day the cause of action accrued." But that statute incorporates a discovery rule: When an injury does not arise from a single traumatic event with immediate symptoms, but rather a latent one with symptoms appearing over time, the claim does not accrue until the employee is aware or should be aware of his condition. White v. Union Pac. R.R., 867 F. 3d 997, 1001 (8th Cir. 2017). And in addition to knowing of his condition, the employee must know – or have reason to know – the condition's cause. Id. Both components require an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause. Id. (citing Fries v. Chi. & Nw. Transp. Co., 909 F.2d 1092, 1095 (7th Cir. 1990). [1] See Smith v. BNSF Ry. Co., No. 4:17-CV-3062, 2018 WL 6529503, at *2 (D. Neb. Oct.

---

[1] There is a split of authority regarding the burden of proof in a FELA case when a defendant moves for summary judgment based on the statute of limitations. *Compare* Fonseca v. Consol. Rail Corp., 246 F.3d 585, 590-91 (6th Cir. 2001) (defendant has burden of proof on all affirmative defenses such as statute of limitations); *with* Johnson v. Norfolk & W. Ry. Co., 985 F.2d 553 (4th Cir. 1993), *and* Bealer v. Missouri Pac. R. Co., 951 F.2d 38, 39 (5th Cir. 1991) (because timeliness is essential element of plaintiff's claim, plaintiff bears burden of showing genuine factual dispute). For purposes of this motion, however, the Court assigns that burden to UPRR, because the discovery rule in FELA cases is a doctrine of accrual, not a tolling doctrine asserted in response to a statute of limitations defense. *See* Pharmacia Corp. Supplemental Pension Plan v. Weldon, 126 F. Supp. 3d 1061, 1074-75 (E.D. Mo. 2015); *cf.* Schmidt v. United States, 933 F.2d 639, 640 (8th Cir. 1991). Nonetheless, the issue of whether a suit is time-barred is a question of law, which properly may be resolved at the summary judgment stage if there are no genuine issues of material fact in dispute. In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 835 (8th Cir. 2003); Hallgren v. U.S. Dep't of Energy, 331 F.3d 588, 589 (8th Cir. 2003).

16, 2018). See, also, McLaughlin v. BNSF Ry. Co., No. 4:18-CV-3047, 2019 WL 4855147, at *2 (D. Neb. Oct. 1, 2019)

Under FELA's discovery rule, UPRR has the burden of showing that Garza knew or should have known, prior to August 16, 2015[2], that he suffered from a work-related illness.

Garza argues there is a question of fact as to when he became aware of his cancer and the possible causes. Garza disputes that August 13, 2015 was the date he was diagnosed. He argues that his deposition testimony indicates that he was uncertain of the exact date. Nonetheless, he stated that his diagnosis was shared with him at a follow-up consultation with Dr. Reddy and indicated that the August 13, 2015 date seemed to be correct. The medical record shows that Dr. Reddy had a follow-up consultation with Garza on August 13, 2015 during which she shared the diagnosis and education materials with him. (Filing No. 27-3 at CM/ECF p. 9). Dr. Reddy signed and dated Garza's pathology report confirming his diagnosis of colorectal cancer on August 13, 2015. (Filing No. 27-3 at CM/ECF p. 11). Thus, there is no genuine issue of material fact as to the date Garza was informed of his diagnosis.

Garza also asserts that a genuine question of material fact exists as to whether he knew or should have known the cause of his colon cancer prior to seeing the television advertisement in 2018. Garza argues this case is distinguishable from other cases that have come before this court because he did make inquiries of his physicians about the possible causes of his cancer and he was never given a definitive answer. (Filing No. 37 at CM/ECF pp. 11-12). However, he acknowledges that his doctors mentioned the possibility that work environment was one of "numerous things" that could have caused his cancer. (Filing No. 37 at CM/ECF p. 12). There is no indication that Garza investigated the

---

[2] Three years before the lawsuit was filed.

likelihood that the possible causes of his cancer were actual causes. He concedes that if this court "adheres to the letter its ruling in *Pope*, then summary judgment is warranted." See Pope v. Union Pac. R.R. Co., No. 8:18CV421, 2019 WL 6615189 (D. Neb. Dec. 5, 2019). Nonetheless, he argues that "if the Court follows the logic of the Second Circuit, and other courts, that in FELA cases the railroad employee is to be given the benefit of every doubt then the Court must construe that there is a question of fact as to when Mr. Garza learned of his diagnosis and when he knew or should have known of the cause of his colon cancer." (Filing No. 37 at CM/ECF p. 13) (citing Ratigan v. New York Cent. R. Co., 291 F.2d 548, 553 (2d Cir. 1961). This court is not inclined to follow the "logic of the Second Circuit" when it can apply the case law of this court.

UPRR need only show that Garza knew or should have known "the essential facts" of injury and cause, because *White*, and the authorities upon which it relies, make it clear that Garza had an affirmative duty to reasonably inquire as to the cause of his cancer. White, 867 F.3d at 1001; *see also* Tolston v. Nat'l R.R. Passenger Corp., 102 F.3d 863, 865-66 (7th Cir. 1996) ("Just to be clear the [*Fries*] court added [that] this rule imposes on plaintiffs the affirmative duty to investigate the cause of a known injury"); Fries, 909 F.2d at 1095. To apply another rule would thwart the purposes of repose statutes which are designed to apportion the consequences of time between plaintiff and defendant and to preclude litigation of stale claims. Fries, 909 F.2d at 1095. And the suggestion, made by Garza, that only actual knowledge is enough to make a claim accrue under FELA has been repeatedly rejected by this and other courts. White, 867 F.3d at 1002-03; Tolston 102 F.3d at 866; Mclaughlin, 2019 WL 4855147, at *3; West v. Union Pac. R.R. Co., No. 8:17CV36, 2019 WL 7586542, at *1 (D. Neb. Dec. 20, 2019).

Here, Garza knew he had colon cancer no later than August 13, 2015 when his doctor spoke with him about colorectal cancer discovered during a colonoscopy. Garza also knew, for decades prior to his diagnosis, that he had

been exposed to hazardous materials at work, which caused nausea, headaches and allergies, and affected his overall health. During the three-year time period following his diagnosis, he was told by doctors that work environment is one potential cause of cancer. (Filing No. 38 at CM/ECF p. 36). Those are the essential facts. Garza had three years following his diagnosis to investigate the causal connection between those facts, and in fact had a duty to do so or risk losing his ability to sue. *See* § 56; White, 867 F.3d at 1002. If Garza's claims are fairly attributable to a workplace injury today, they were no less so on August 13, 2015. Because his claim accrued no later than August 13, 2015, and he did not file suit within 3 years thereafter, his claim is time-barred.

    IT IS ORDERED:

1) UPRR's motion for summary judgment (Filing No. 25) is granted.
2) Garza's FELA claim as to his colon cancer is dismissed.
3) Judgment will be entered accordingly.

Dated this 28th day of April, 2020.

                                      BY THE COURT:

                                      *s/ Cheryl R. Zwart*
                                      United States Magistrate Judge